

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
555 Fourth St. N.W.
Washington, D.C. 20001

June 30, 2006

**By Hand Delivery In Court**

**By U.S. Mail**
Lara Gabrielle Quint, Esquire
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20004
202-208-7500 ext. 126
lara_quint@fd.org

                Re:    United States v. Hajile Kashif Gholson
                       Case No. 06-183 (GK)

Dear Counsel:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as a plea offer.

**I.**      **Charges**

      Your client is currently charged with the following offenses: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession with Intent to Distribute Marijua (286 grams), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)( c); and Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §§ 924(c)(1).

      If your client agrees to plead guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year and Unlawful Possession with Intent to Distribute Marijuana, the government will agree to:

      1.    dismiss the remaining charges at the time of sentencing;
      2.    both parties mutually reserve the right to allocute as to whether your client should be incarcerated pending sentencing;
      3.    waive any applicable enhancement papers that might apply;

    4.    agree to recommend to the court a three level downward adjustment for acceptance of responsibility; and

    5.    reserve its right to allocute at the time of sentencing, but will agree not to oppose sentencing at the low end of the sentencing guideline range.  The government nonetheless retains its full right to allocute and request any legal sentence following any probation or supervised release revocation proceeding.

This plea offer will expire after July 12, 2006.  The government reserves the right to withdraw this plea offer at any time prior to acceptance.  Please be advised that subsequent plea offers will be less favorable to your client.

## II.  Discovery

### A.  Documents

Copies of the following documents are enclosed with this letter:

- Indictment (2 pages)
- PD-163 (2 pages)
- ATF Report of Investigation No. 1 (2 pages)
- Search Warrant (1 page)
- Affidavit in Support of Warrant (2 pages)
- ATF Rights Waiver form (1 page)
- Prints sheet
- Criminal History printout (3 pages)
- Photographs from scene (47 pages)

### B.  Evidence

#### 1.  Physical Evidence

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below.  This evidence includes:

- Gun and ammunition
- drugs and packaging as indicated in the attached paperwork and completed laboratory analysis
- digital scale
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- prior conviction

#### 2.  Radio Run Information

     X     The government believes there are no recorded communications by law enforcement relevant to this case.

_____     The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the <u>Jencks</u> Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

### 3. Identification Evidence

The government is not aware of any identification procedure used in this case.

### 4. Inspection

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact the undersigned prosecutor, who will make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 5. Reports of Examinations or Tests and Experts

Upon receipt, the government will provide the DEA analysis of the narcotics seized in this case.

The government intends to call a narcotics expert at trial. The expert may testify -- by providing information or by rendering an opinion -- concerning the following:

(a) the procedures used by the Metropolitan Police Department for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases.

(b) the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance.

(c) the methods of using and purchasing narcotics in the District of Columbia, including but not limited to: the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials, cutting agents, scales, and paraphernalia for using drugs; the use of

stashes, and methods used to avoid detection of narcotics.

(d) the methods for processing, packaging, selling, transferring and trafficking narcotics in the District of Columbia, including but not limited to the roles of different participants in drug trafficking schemes.

(e) that beepers, pagers, cellular phones, automobiles, stashes, stash houses, safe houses, crack houses, weapons, open air drug markets, couriers, ledgers, safes, and false identities are commonly used in the sale, transfer, processing and trafficking of narcotics in the District of Columbia and elsewhere.

(f) that possession of narcotics for use can be distinguished from possession of narcotics with intent to distribute, and that, for a variety of reasons, possession of numerous individually packaged narcotics, or possession of fewer packages but accompanied by other indicia of sale, is generally more consistent with an intent to distribute than with mere possession for personal use.

The expert will base his/her opinions on the foregoing on his/her years of training and experience in the area of drug investigations. A summary of the expert's qualifications has been enclosed.

In addition, please be advised that the government may call a fingerprint expert to testify at trial regarding the recovery of latent prints. The expert may testify about the following subjects: the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns.

The government will provide the names and qualifications of the experts upon determination of who will be testifying.

    C.    **RULE 404(b) EVIDENCE (known at this time)**

The government may seek to admit evidence pursuant to FRE 404(b). In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

    D.    **Defendant's Rule 16 Statements**

Please see the attached ATF Report of Investigation concerning your client's statements to law enforcement. If the government becomes aware of additional statements made by the defendant you will be notified in writing.

    E.    **Criminal Record**

Enclosed is a three page printout of your client's criminal record. Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record.

I will notify you in writing if the government learns of any additional convictions.

    **F.**    **Government's Discovery Requests**

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a Jencks request for all prior statements of any defense witness (excluding the defendant);

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

    **G.**    **Alibi Demand**

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

    **H.**    **Other Information (Brady / Lewis / Giglio)**

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

**III. Contact Information**

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

    Perham Gorji
    Office of the United States Attorney
    Federal Major Crimes Section
    Room 4233
    555 Fourth Street, N.W.

Washington, D.C.  20530

Office:      202-353-8822
Fax:         202-616-3782
E-mail:      perham.gorji@usdoj.gov

If you file any pleading in this case, please note that our zip code has changed recently to 20530.  Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

    Sincerely,

    KENNETH L. WAINSTEIN
    United States Attorney


By:
    PERHAM GORJI
    Assistant United States Attorney


cc: District Court Case File (without attachments)