UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-183 (GK) |
| : | |
| HAJILE KASHIF GHOLSON : | **FILED** |
| : | |
| Defendant. : | AUG 1 8 2006 |
| : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

STATEMENT OF OFFENSE

Were the Government to go to trial in the above-captioned case, the Government would prove the following beyond a reasonable doubt:

On May 17, 2006, ATF HIDTA Task Force members along with agents of the FBI and the United States Secret Service Crime Scene Investigation Unit executed a Superior Court Search Warrant, # 20060242, at 248 Hamilton Street, N.W., Apt. #2, Washington, D.C. At approximately 6:20 a.m., Special Agent Vasaka conducted the knock and announce at the front door, announcing the presence of police in possession of a search warrant. While this was occurring, agents in the alley along the side of the apartment saw the arm of a black male (the defendant's arm) throwing a firearm from the apartment's window. The building was surrounded by agents at the time to prevent escape by any individuals inside the apartment. The agents breached the front door. Once inside the apartment, the agents encountered the defendant, a black male, in the master bedroom, the same room from which the firearm had been thrown. No other adult males were in the apartment, but also present were Chawndise Battle (d.o.b. 09/07/1978) and her two younger children, one seven years old and the other an infant.

As the scene was secured, Agent Vasaka asked Ms. Battle if there were any weapons or potentially dangerous items in the house. Ms. Battle stated no, and that the only weapon was

the one that was thrown out the window. Agent Vasaka asked the defendant the same question, and the defendant stated no, only the gun he threw out the window.

The Task Force recovered the firearm thrown by the defendant, and determined it to be a Berretta .45 caliber handgun, bearing serial number 085342MC, and containing 8 rounds of ammunition in the magazine. [The gun was later determine to have been stolen, having been reported stolen on April 20, 2004.] In addition, the Task Force found the following items during the search of the residence: a box of .22 caliber Remington ammunition in the bedroom closet; mail matter and assorted documents in the defendant's name in the bedroom; a t-mobile cellphone in the living room table; five 9 mm rounds of ammunition located in the hallway closet; over 200 grams of marijuana located in the hallway closet; mail matter and assorted documents in the defendant's name located in the hallway closet; a digital scale located in the hallways closet; a .45 caliber shell casing found in the living room ashtray; approximately 12 grams of marijuana found in a plastic bag on top of the refrigerator in the kitchen; and a can of Remington gun oil in the kitchen cabinet.

The marijuana found in the hallway closet, which field tested positive for THC, was divided into numerous, fist-sized plastic bags, inside a larger plastic bag. A DEA chemist later determined that the green weed substance did in fact contain THC, and weighed approximately 241.8 grams.

Prior to leaving the residence, the Special Agent Cox left a copy of the search warrant and return at the residence with the lessee, Ms. Battle.

After being transported to the field office for processing, the defendant waived his <u>Miranda</u> rights, orally and in writing, the defendant admitted having stolen the gun in December, 2005, having fired it in the air earlier that night preceding the execution of the search warrant, and

having thrown it out of the house while the search warrant was being executed. The defendant stated Ms. Battle did not know about the gun.

At the time of the offense, the defendant had previously been convicted of attempted distribution of cocaine in Washington, D.C., Superior Court Criminal Case No. 1999-FEL-6796 (F-6796-99), a crime punishable by more than one year in imprisonment.

### DEFENDANT'S ACKNOWLEDGMENT

I have read and discussed the Government's Proffer in the above-captioned case, 06-183 (GK), with my attorney, Jonathan Jeffress, Esquire. I agree, and acknowledge by my signature that this Factual Proffer is true and correct.

Date: 8-17-06

_____
Hajile Gholson
Defendant

Date: 8/17/06

_____
Jonathan Jeffress, Esq.
Attorney for Defendant Hajile Gholson