UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  06-183 (GK) |
| | : | |
| HAJILE KASHIF GHOLSON | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' MEMORANDUM
IN AID OF SENTENCING AND MOTION FOR
THREE-POINT  REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 33 months of incarceration.  In support thereof, the United States respectfully states the following:

Background

1.    On May 17, 2006, ATF HIDTA Task Force members along with agents of the FBI and the United States Secret Service Crime Scene Investigation Unit executed a Superior Court Search Warrant, # 20060242, at 248 Hamilton Street, N.W., Apt. #2, Washington, D.C.  At approximately 6:20 a.m., Special Agent Vasaka conducted the knock and announce at the front door, announcing the presence of police in possession of a search warrant.  While this was occurring, agents in the alley along the side of the apartment saw the defendant throwing a firearm from the apartment's window.  The building was surrounded by agents at the time to prevent escape by any individuals inside the apartment.  The agents breached the front door.  Once inside the apartment,

the agents encountered the defendant in the master bedroom, the same room from which the firearm had been thrown. No other adult males were in the apartment, but also present were Chawndise Battle (d.o.b. 09/07/1978) and her two younger children, one seven years old and the other an infant.

As the scene was secured, Agent Vasaka asked Ms. Battle if there were any weapons or potentionally dangerous items in the house. Ms. Battle stated that the only weapon was the one that was thrown out the window. Agent Vasaka asked the defendant the same question, and the defendant stated the only weapon was the the gun he threw out the window.

The Task Force recovered the firearm thrown by the defendant, and determined it to be a Berretta .45 caliber handgun, bearing serial number 085342MC, and containing 8 rounds of ammunition in the magazine. The gun was later determine to have been stolen, having been reported stolen on April 20, 2004. In addition, the Task Force found the following items during the search of the residence: a box of .22 caliber Remington ammunition in the bedroom closet; mail matter and assorted documents in the defendant's name in the bedroom; a t-mobile cellphone in the living room table; five 9 mm rounds of ammunition located in the hallway closet; over 200 grams of marijuana located in the hallway closet; mail matter and assorted documents in the defendant's name located in the hallway closet; a digital scale located in the hallways closet; a .45 caliber shell casing found in the living room ashtray; approximately 12 grams of marijuana found in a plastic bag on top of the refrigerator in the kitchen; and a can of Remington gun oil in the kitchen cabinet.

The marijuana found in the hallway closet, which field tested positive for THC, was divided into numerous, fist-sized plastic bags, inside a larger plastic bag. A DEA chemist later determined that the green weed substance did in fact contain THC, and weighed approximately 241.8 grams.

After being transported to the field office for processing, the defendant waived his Miranda rights, orally and in writing, the defendant admitted having stolen the gun in December, 2005, having fired it in the air earlier that night preceding the execution of the search warrant, and having thrown it out of the house while the search warrant was being executed. The defendant stated Ms. Battle did not know about the gun.

At the time of the offense, the defendant had previously been convicted of attempted distribution of cocaine in Washington, D.C., Superior Court Criminal Case No. 1999-FEL-6796 (F-6796-99), a crime punishable by more than one year in imprisonment.

2.  To his credit the defendant took responsibility for his conduct and expressed an interest in accepting the government's plea offer at an early stage in this case. The defendant pled guilty on August 18, 2006, to Counts One and Two of the indictment, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), and Unlawful Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)( D).

3.  Under Count One, the defendant can be sentenced up to 10 years imprisonment pursuant to Title 18, United States Code, Sections 922(g)(1) and 924(a)(2); not more than 3 years of supervised release pursuant to Title 18, United States Code, Section 3583(b)(2); and a fine up to $250,000 pursuant to Title 18, United States Code, Section 3571(b)(3). Under Count Two, the defendant can be sentenced up to 5 years imprisonment, a period of supervised release of at least two years, and a fine up to $250,000 pursuant to Title 21, United States Code Sections 841(a)(1) and 841(b)(1)( D). For each count, a special assessment of $100 is mandatory.

4.     Pursuant to the plea agreement, the government agreed that it would not oppose a sentence of incarceration at the low end of the applicable guideline range. In addition, consistent with the plea agreement, the government hereby moves the Court for a three-level reduction to the defendant's offense level for early acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

Sentencing Recommendation

5.     Based on the information set forth in the Presentence Investigation Report, the defendant's total offense level is 19, having pled guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (Count One) and Unlawful Possession with Intent to Distribute Marijuana (Count Two). U.S.S.G. §§ 2K2.1(a)(4), 2K.2(1)(b)(4), 3D1.2( c) and 3E1.1. Based on a total offense level of 19 and his placement in criminal history Category Two, the guideline range of imprisonment is 33 to 41 months. U.S.S.G. Chapter 5, Part A. The guideline range for a term of supervised release is at least two but not more than three years. U.S.S.G. § 5D1.1.(b). Consistent with the plea agreement, the government is recommending that the defendant be sentenced to 33 months of imprisonment, followed by a 24 month period of supervised release.

6.     The Government's recommendation of 33 months, which is the low end of the defendant's applicable Sentencing Guidelines range, is reasonable. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment. The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark

for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

7. In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guidelines range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. A sentence of 33 months of incarceration, the low end of the defendant's Sentencing Guidelines range, satisfies this goal.

8. A sentence within the Sentencing Guideline range is not only presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history and

willingness to accept responsibility at an early stage in the case. The recommended sentence of 33 months is also supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant. Id.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 33 months of incarceration, followed by a 24 month period of supervised release.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney


By: _____/s/_____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782


CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Jonathan Jeffress, Federal Public

Defender, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this 27th day of December, 2006.

          /s/
PERHAM GORJI, AUSA