IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 06-183 (GK) |
| ) | |
| HAJILE KASHIF GHOLSON, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT HAJILE GHOLSON'S
### MEMORANDUM IN AID OF SENTENCING

Mr. Hajile Gholson, through undersigned counsel, hereby respectfully submits this Sentencing Memorandum in anticipation of Mr. Gholson's sentencing, which is currently scheduled for January 4, 2007. Based on numerous factors, including that: (1) Mr. Gholson is the major caretaker for his four children, two of whom (ages 7 and 9 months) live with Mr. Gholson and depend on his financial and emotional support; (2) as part of his total commitment to his children, Mr. Gholson has consistently maintained the same employment <u>for over nine years</u>; and (3) Mr. Gholson has flawlessly complied with over six (6) months of pretrial release, the defense respectfully submits that this is the exceptional case where the appropriate sentence under 18 U.S.C. § 3553(a) is to an extended term of probation, with appropriate conditions up to and including a period of home detention.

### BACKGROUND

A.   **Offense Conduct and Procedural History.**

The government's Sentencing Memorandum and the Presentence Investigation Report ("PSR") contain a summary of the offense conduct, so that will not be repeated in full here. Of

significant importance for sentencing purposes is that, on the day of the search and arrest (May 17, 2006), Mr. Gholson immediately assumed responsibility for his conduct, and provided an inculpatory statement to law enforcement both at his residence and later, after waiving his Miranda rights, at the police station. Among other things, Mr. Gholson took full responsibility for the firearm located in the apartment. Following his statement where he accepted responsibility, law enforcement released Mr. Gholson from custody.

On June 21, 2006, the grand jury returned an Indictment, charging Mr. Gholson with three counts relating to the May 17 incident. On June 30, 2006, Mr. Gholson was arraigned before the Magistrate, and released on conditions (see discussion of conditions, infra). On August 18, 2006, Mr. Gholson entered a plea of guilty to one count of unlawful possession of a firearm by a convicted felon and one count of possession with intent to distribute marijuana.

    **B.**    **Hajile Kashif Gholson.**

Mr. Gholson is 31 years old. He was born on January 27, 1975 in Washington, D.C. to Anthony Gholson and Carolyn Alston. His parents separated when Mr. Gholson was in Junior High School. Both parents continue to work: Anthony Gholson is a roofer, while Ms. Alston is a public school teacher in the D.C. public schools. Mr. Gholson remains close with his mother, Ms. Alston, who has submitted a letter to the Court on her son's behalf. See Ex. 1 (letter from Carolyn Alston to Court).

Mr. Gholson completed the 11th Grade at Martha Washington High School. After leaving school in his later teens, however, Mr. Gholson went through a troubled phase in his life. During this period, Mr. Gholson incurred a number of arrests. In 1999, at age 22, Mr. Gholson sustained an arrest and conviction for Attempted Distribution of Cocaine, in Superior Court. He was

sentenced to 9-27 months in jail with the execution of sentence suspended.  He was placed on thee (3) years probation.  See PSR ¶ 30.

With his 1999 conviction, Mr. Gholson opened a new chapter in his life.  As stated in the PSR, during Mr. Gholson's probation term, "he maintained a stable residence; maintained his employment with Heritage Auto [a job he still holds today, see infra]; enrolled in the Central Intervention Team for an assessment and his participation was satisfactory; he maintained regular contact with his officer; and he remained arrest free."  PSR ¶ 31.  Although Mr. Gholson's adjustment to probation is initially reported as"satisfactory" in the PSR, further reading shows it was actually much better than that:  "Due to defendant's positive progress while on supervision, his case was approved for early termination by the court effective January 2, 2002."  Id.

Between his 1999 conviction and his arrest in this case in 2006, Mr. Gholson has sustained no new convictions, or even arrests.  For the last seven years, Mr. Gholson has spent much of his life doing precisely the things the community and our government ask of its citizens: working and taking close care of his four children, including by means of financial support.  As set forth below, Mr. Gholson's accomplishments in these areas–plus his sterling performance while on pre-trial release in this case–are why Mr. Gholson should be given another chance in the community, instead of being taken away from his job and his family–including his young children– through incarceration.

      **1.**      **Mr. Gholson's Consistent Work History.**

Mr. Gholson has maintained the same job as a car detailer at Heritage Auto Plaza since 1997.  He works 6 days per week and earns $8.00 per hour.  Tyrone Skeen, Mr. Gholson's supervisor at Heritage for the last five (5) years, has written a letter to the Court.  See Ex. 2 (letter

3

from Tyrone Skeen to Court). Mr. Skeen states that Mr. Gholson "is a very hard worker and is very dedicated to the company. Mr. Gholson has been here at Heritage for the past nine years. He has the respect and admiration of the company owner." Id. Mr. Gholson's co-workers also have written tremendously supportive letters praising Mr. Gholson as not only a co-worker, but also as a father, as a friend, and as a person. Leonard T. Green, a co-worker, describes Mr. Gholson as follows:

> I have known [Mr. Gholson] for about two years or so, he has been a good friend and a helping hand to me and his co-workers on the job. Since I have known him he has never disrespected [any]one. He does what his supervisors ask him to and some more. He jokes around with everyone he has a great personality and willingness to please. He talks to you when you are feeling down, helps you at work [and] when you have too much he will give you a helping hand so that the work gets done.

Ex. 3 (Letter from Leonard T. Green to Court).

Merrill Horner, of the United States' Marshal Service, whose son works with Mr. Gholson at Heritage Auto, has similarly written on Mr. Gholson's strong work ethic. As stated by U.S. Marshal Horner:

> Every time I have met Mr. Gholson he has been respectful and friendly. My son mentions him frequently as to his abilities on the job and showing up for work on time without missing a day. In other words, Mr. Gholson is a very dependable employee.

Ex. 4 (Letter from Merill E. Horner to the Court).

### 2. Mr. Gholson's Compelling Family Circumstances.

The central reason Mr. Gholson has worked six days per week as a car detailer for the last nine years is immediately apparent from the letters his friends and loved ones have written to the Court: he does this for his children. Mr. Gholson is above all else an excellent father and care-giver to his four children (three sons and one daughter): Elijah (age 12), Maniya (age 9), Jah-

Shawn (age 7) and Hajile, Jr. (age 9 months). Elijah and Maniya are from Mr. Gholson's prior relationship with Tania Allen, whom Mr. Gholson remains in close contact with. Mr. Gholson pays child support for their care and sees them on weekends and as often as possible during the week. Jah-Shawn and Hajile, Jr. live with Mr. Gholson and his companion for the last seven years, Chawndise Battle, who has also written a letter to the Court. Ms. Battle writes: " I would like to say that Hajile takes real good care of his kids. He is a good provider, he is there fore anything his kids ask of him, he make's sure that the kids have all that is needed." Ex. 5 (Letter from Chawndise Battle to Court).

     Mr. Gholson is Jah-Shawn and Hajile, Jr.'s primary means of support and Mr. Gholson plays a very active role in their lives. The importance of Mr. Gholson to his children–and of the children to Mr. Gholson–is immediately apparent to anyone acquainted with Mr. Gholson. As his work supervisor for the last 5 years, Tyrone Skeen, writes:

> Your Honor, I've also learned another thing about Mr. Gholson since meeting him, and that is that he is truly a family oriented man. I've never met his parents but I feel I've known them for a time. Mr. Gholson has been bringing family photos to work to show his co-workers after family events, such as birthdays, weddings and such. I have had the opportunity to meet his children who are well-mannered and respectful.

Ex. 2. Mr. Green, Mr. Gholson's co-worker, similarly writes:

> I myself have been working with Hajile for almost a year and we talk to each other about family, friends, our kids and how they are doing in school so on and so forth. We talk about what we want to do in the future, getting a better job and going back to school so that we can seek a degree in a career and making a better life for our children.

Ex. 3; see also Ex. 1 (Letter from Carolyn Alston (Mr. Gholson's mother) to the Court) ("Hajile has four beautiful children, he has three sons and one daughter, he loves them dearly and they

5

love him too.  I know that they need him, he is a nurturing father and his job helps him to provide for them financially"). And U.S. Marshal Horner states:

> He is definitely a family man . . . From what I know of Hajile, I am sure if he has another chance to take care of his family, he will never come in front of the courts for any infractions of the law again.  I do feel that Mr. Gholson does deserve some consideration foe leniency, and will become a credit to society now and in the future.

Ex. 4.

Mr. Gholson's family responsibilities include cautioning his children and other young people about the string of mistakes Mr. Gholson made when he was in his late teens and early 20s.  As Ms. Naugie Pratt, a co-worker at Heritage Auto and very close friend of Mr. Gholson's, states:

> I've also had a number of opportunities through family functions that Mr. Gholson has invited me to, to see how he mentors his nieces and nephews, often talking about the some of the mistakes he has made in the past and why they should not go down that same destructive path.  It's kind of funny because children rarely ever listen, but it's as if the kids are practically drawn to him and for the most part they really take heed to what he has to say.

Ex. 6 (Letter from Ms. Naugie Pratt to Court).

Mr. Gholson's efforts to educate younger people are an outgrowth of his friendly, generous personality.  The letters from Mr. Gholson's friends and family address this theme.

John Sherill, a friend of Mr. Gholson's for the last ten years, writes:

> I'd like to take a few moments to say that Mr. Gholson despite [the] current situation, he is truly a good person, friend and father.  My relationship with Mr. Gholson goes back over ten years.  Through those years I've seen him as a hard worker and a person that I would look up to when I was down and made bad choices.  H has truly been a role model to his kids, friends and family.  He is a good provider for his family and he comes to work everyday and does his job well to support the one's that he loves the most.

6

Ex. 7 (Letter from John Sherill to Court).  And as stated by Ms. Pratt:

> Mr. Gholson [and I] met several months ago when I first became employed at Heritage Auto Plaza and we instantly became the best of friends.  It's shocking to believe that Mr. Gholson did anything wrong in the first place due to his wonderful, outgoing personality, and willingness to please and help others. . . . He has the biggest heart and he's always trying to help everyone.

Ex. 6.

### B.    Mr. Gholson's Spotless Pretrial Release Compliance.

Mr. Gholson was arrested on May 17, 2006 and then released from custody.  Following his arraignment on June 30, 2006, he was released by the Magistrate Judge on conditions, including that he report for drug testing and report weekly by phone to Pretrial Services.  During his 6 months of pretrial release, Mr. Gholson has not incurred a single violation of his conditions.  Pretrial Services reports that Mr. Gholson has been in 100% compliance.

### C.    The Presentence Report Guidelines Calculation.

The PSR calculates Mr. Gholson's Guidelines range as 33-41 months incarceration.  That range is based on the base offense level of 20 (which includes a 6 point increase because of Mr. Gholson's 1999 conviction for attempted distribution), plus two (2) points because the firearm was stolen, and minus three (3) points for Mr. Gholson's prompt acceptance of responsibility.  Because Mr. Gholson is in criminal history category II because of the prior drug offense (1 point) and a 1997 Driving Under the Influence conviction (1 point), the PSR is correct that Mr. Gholson's Guidelines range is 33-41 months.[1]

---

[1] Defendant does have one unresolved objection to the content of the PSR.  At the bottom of paragraph 50, the PSR reports that correspondence mailed to defendant's address was returned undeliverable, and that his cellular telephone was no longer accepting incoming calls.  See PSR ¶ 50.  Upon disclosure of the draft PSR, counsel and Mr. Gholson resolved these issues with the probation officer, and were told that these lines in the PSR would be removed.  Counsel

## DISCUSSION

I.  THE POST-<u>BOOKER</u> SENTENCING FRAMEWORK.

The Court in <u>Booker</u> held that judges are required to "take account of the Guidelines <u>together</u> <u>with</u> other sentencing factors," and to "<u>consider</u>" the guidelines along with all the other required factors. <u>Id.</u> at 259 (emphasis added). But there is no requirement that a sentence be within the guidelines range, and a number of other statutory factors, which are mandatory, must be followed by the court, because section 3553(a) remains in effect and sets forth numerous factors that guide sentencing. <u>Id.</u> at 261.

Thus, court are now required to impose a sentence "<u>sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)</u>" of 18 U.S.C. § 3553(a). (Emphasis added). These purposes include the necessity for the sentence:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Subsections (A) through (D) of § 3553(a)(2) thus highlight the primary purposes of sentencing. <u>See also</u> § 3551 (defendant "shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) . . ."). In determining a sentence consistent with these goals, the court must consider a number of other factors as well--<u>see</u> § 3553(a)(1)-(7)--including "the nature and circumstances of

---

assumes that the failure to remove these lines was an oversight by the Probation Officer. As discussed *infra*, Mr. Gholson has maintained perfect compliance with his conditions of release, including all required check-ins and telephone reports.

the offense and the history and characteristics of the defendant," the sentencing guidelines and policy statements issued by the Sentencing Commission, and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In addition, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense, which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

II.   **THE SECTION 3553(A) FACTORS AS APPLIED TO HAJILE KASHIF GHOLSON.**

    A.   **The Nature and Circumstances Of The Offense.**

When considering the nature and circumstances of the offense, the Court should consider that the offenses, while serious, involved no violence and involved marijuana, generally considered to be a more mild illegal drug in terms of its societal effects. Furthermore, the Court should consider that the contraband was possessed in Mr. Gholson's home, and not on the street where the dangers of possessing a firearm are magnified exponentially. Finally, the Court should consider that Mr. Gholson was engaging in this stupid behavior for the reason of earning extra cash to support his family. While not a justification or excuse for his actions, it is revealing of another appropriate sentencing factor, which is Mr. Gholson's exceptionally strong commitment to his family and his children.

    B.   **The History and Characteristics Of Mr. Gholson.**

It is the history and characteristics of Mr. Gholson that remove this case from the heartland of cases and warrant a probationary sentence. The Court should consider the

overwhelming evidence in the record establishing that the most important thing to Mr. Gholson since a young age has been to care for, including financially support, his four children.  See Exs. 1-7 (letters from friends and family of Mr. Gholson).  Mr. Gholson has worked <u>six days a week</u> as a car detailer for <u>nine years</u> in order to further this goal, and to create a better life for his kids.  Mr. Gholson is obviously very committed to his children and plays a very large role in their lives.  He is painfully aware that his criminal behavior has put his family life at risk.

The Court should also consider the turnaround in Mr. Gholson's life since his 1999 felony conviction at age 22.  Not only did Mr. Gholson do so well on probation following that offense that he earned himself early termination, but he has proven since that time that this remarkable change in direction was not something Mr. Gholson did merely to get through the probationary period.  By his actions, and by the total lack of <u>any involvement</u> with law enforcement since 1999, Mr. Gholson has shown that he is serious and committed to doing the two things society and the court system ask former defendants to do:  work and take care of one's family.

Finally, the Court should consider Mr. Gholson's flawless record of pretrial compliance in over six months of pretrial release.  Given this record, defense counsel respectfully submits that Mr. Gholson does not need to be incarcerated for the protection of the public.

    **C.**    **The Advisory Guidelines.**

As discussed earlier, the Guidelines range is 33-41 months.  In considering the Guidelines range, the Court should consider that the Guidelines increase Mr. Gholson's range for his 1999 conviction (for which he received probation) not once, but twice:  one time by increasing his criminal history category from a I to a II, and another time by adding <u>six points</u> to his offense

level under U.S.S.G. § 2K2.1(4)(A).  See PSR ¶¶ 19 and 30.  Courts have repeatedly criticized this "double counting" aspect of the Guidelines.  See, e.g., United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 961 (E.D. Wisc. 2005) (reviewing use of certain prior convictions to increase offense level, and noting that "[a]lthough it is sound policy to increase a defendant's sentence based on his prior record, it is questionable whether a sentence should be increased twice on that basis").

### III. UNDER THE POST-BOOKER SENTENCING METHODOLOGY, THE APPROPRIATE SENTENCE IN THIS CASE IS PROBATION.

Consistent with 18 U.S.C. § 3553(a)(1) and Booker, the Court should sentence Mr. Gholson to a sentence that comports with the three main categories of sentencing factors:  the nature of the offense, the history and characteristics of the of the defendant, and the needs of the public, which also includes consideration of the Guidelines.  Based upon those factors and the information concerning Mr. Gholson discussed above, the defense respectfully submits that the appropriate sentence in this case is probation with whatever additional conditions the Court deems appropriate.

WHEREFORE, the aforementioned background information concerning Hajile Gholson is submitted for this Court's consideration and to encourage the Court to sentence Mr. Gholson to a sentence of probation with whatever additional conditions deemed appropriate.

          Respectfully submitted,
          A.J. Kramer
          Federal Public Defender


          _____/s/_____
          Jonathan S. Jeffress
          <u>Counsel for Hajile Kashif Gholson</u>
          Assistant Federal Public Defender
          625 Indiana Avenue, N.W.
          Washington, D.C. 20004
          (202) 208-7500 ex.134