AO 245B    (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| HAJILE KASHIF GHOLSON | Case Number: 06-183-01 |
| | USM Number: None Assigned |
| | Jonathan Jeffress, Esquire |
| | Defendant's Attorney |

**FILED**
JAN 0 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 and 2

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 922(g)(1) and 924 (a)(2) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year | 5/17/2006 | 1 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) 3 _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 4, 2007
Date of Imposition of Judgment

/s/ Gladys Kessler
Signature of Judge

Gladys Kessler,                    U. S. District Court Judge
Name of Judge                      Title of Judge

January 5, 2007
Date

(N)

DEFENDANT: HAJILE KASHIF GHOLSON
CASE NUMBER: 06-183-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 841(a)(1) and (b)(1)(D) | Unlawful Possession With Intent to Distribute Cannabis | 5/17/2006 | 2 |

DEFENDANT: HAJILE KASHIF GHOLSON
CASE NUMBER: 06-183-01

# PROBATION

The defendant is hereby sentenced to probation for a term of:

Three (3) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: HAJILE KASHIF GHOLSON
CASE NUMBER: 06-183-01

## ADDITIONAL PROBATION TERMS

The defendant is placed on home detention with electronic monitoring for a period of twenty-seven (27) months.

If the probation office has reason to believe that the defendant is an abuser of narcotics, or other controlled substances or alcohol, the probation office will require the defendant to participate in a program approved by the U.S. Probation Office for substance abuse to determine whether the defendant has reverted to the use of drugs or alcohol.

The defendant shall have no further violations of the law.

The defendant shall continue to support his children.

The defendant shall maintain employment.

The defendant shall not possess any contraband including drugs.

The cost of electronic monitoring is waived by the Court.

DEFENDANT: HAJILE KASHIF GHOLSON
CASE NUMBER: 06-183-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200.00 | $ Waived | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 6 of 10

DEFENDANT: HAJILE KASHIF GHOLSON
CASE NUMBER: 06-183-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    The first $100.00 of the Special Assessment shall be paid within the first six months of defendant's period of Probation and the remaining $100.00 shall be paid within the second six months.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket Number: CR 06-183 |
| Plaintiff, | |
| v. | Washington, D.C. |
| | January 4, 2007 |
| HAJILE KASHIF GHOLSON, | 3:00 P.M. |
| Defendant. | EXTRACT OF PROCEEDINGS |

. . . . . . . . . . . . . . .

EXTRACT OF SENTENCING FOR JUDGE KESSLER'S USE
BEFORE THE HONORABLE GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:        PERHAM GORJI, ESQUIRE

For the Defendant:        JONATHAN JEFFRESS, ESQUIRE

Court Reporter:           SUSAN PAGE TYNER, CVR-CM
                          Official Court Reporter
                          Room 6824, U.S. Courthouse
                          Washington, D.C.  20001
                          (202) 371-2230

Proceedings reported by stenomask, transcript produced from dictation.

2

1                      P R O C E E D I N G S

2          (Whereupon, the entire proceedings were reported by the

3   court reporter but not transcribed herein.)

4          THE COURT:  The court will make the following

5   findings in this case.

6          The total offense level is nineteen.  The criminal

7   history category is Roman numeral two.  The guideline range -

8   - the advisory guideline range is 33 months to 41 months,

9   with supervised release advisory range of two to three years.

10  There is also a fine range of $6,000 to $60,000.  The fine

11  will be waived because of inability to pay given the fact

12  that Mr. Gholson has to support his four children.

13         As we all know since Booker the guidelines are

14  advisory.  Even though they are advisory, our Court of

15  Appeals, along with most of the Court of Appeals in the

16  country, has made it clear that a guideline range is

17  presumptively reasonable.  That means exactly what it says,

18  that it is a presumption, but of course every presumption can

19  be rebutted.

20         After considering the guideline range the court has

21  to consider all of the factors set forth in 18 U.S.C. 3553,

22  and that statute commands that the court impose a sentence

23  that is sufficient but not greater than necessary

24  to comply with the various purposes set forth in the statute.

25         In determining the particular sentence to be

1  imposed, I am certainly to consider the nature and
2  circumstances of the offense and the history and
3  characteristics of the defendant.
4         In this case the offense, while certainly a serious
5  one, was not a crime of violence, and there is nothing in the
6  record to indicate that the gun in question was to be used in
7  that fashion, although certainly it is of deep concern when a
8  loaded gun is found in a residence.
9         I do consider very heavily the fact that Mr.
10 Gholson has been crime free totally, even from an arrest --
11 even free from any arrests in a period of approximately six
12 full years -- just a little under six full years.  And I
13 certainly take into account that his probation on his last
14 criminal charge, the 2000 charge, was suspended early and
15 successfully.
16        While he has three convictions, it is fair to say
17 that two of them -- no permit and DUI are, in terms of the
18 criminal justice system, of relatively minor significance.
19 The only serious one in 2000 for attempted distribution of
20 cocaine.
21        It certainly does appear that Mr. Gholson has truly
22 turned his life around in these six years.  As Mr. Jeffress
23 has emphasized, he has worked steadily for a period of nine
24 years.
25        His employer and his fellow employees are

4

extremely supportive of him. He works very hard and very long hours at a job that is a tough job as a detailer in an auto shop.

In terms of his personal life, Mr. Gholson has been extremely responsible. He is the sole support, as I understand it, of four children, and that is a very, very serious obligation, and a very weighty obligation.

The court has to consider the seriousness of the offense, and here we have the offense of possession of a loaded weapon, as well as possession of marijuana with intent to distribute it.

The court has to consider a sentence that will afford adequate deterrence to criminal conduct by others, and the court very much doubts that a custodial sentence in this case would deter individuals or the type of individuals who are often present before me on gun charges and drug charges. I don't think that most of the individuals who commit those particular crimes are very much affected or deterred by custodial sentences that other people get.

I do have to consider protecting the public from other crimes by this defendant, Mr. Gholson. His history doesn't indicate that that should be an overriding concern of mine.

He has been crime free for this extended period of time. He has been responsible, and he has been law abiding.

1  So I don't think that a custodial sentence is essential to
2  deter Mr. Gholson from further criminal conduct.
3        What would be probably a far more effective
4  deterrent would be the knowledge that his -- that any time
5  out in the community could be revoked at any time when -- if
6  probation has to inform me of any criminal conduct.
7        I have to consider whether a particular kind of
8  sentence would provide the defendant with needed educational
9  or vocational training or medical care.  I don't think that
10 that particular purpose of the statute, which is certainly a
11 laudable purpose, is relevant in this case.
12       I certainly do have to consider the issue of
13 disparity of sentences, and that is a very troubling one.
14 Congress passed the sentencing statutes, and the Sentencing
15 Commission has adopted the advisory guidelines in order to --
16 certainly a major purpose was to eliminate the substantial
17 disparity in sentencing which existed prior to use of
18 advisory guidelines.
19       When judges are given substantial discretion, one
20 risks real disparity and inequity in sentencing, and those
21 two issues are in significant tension.
22       At the same time the Supreme Court has said in its
23 recent decisions on this subject that section 3553 does give
24 the court discretion and that courts can be trusted to
25 exercise that discretion with care and judgment.

1          In this case I certainly will admit that it is a
2    close and hard question.  The offense -- the offenses are not
3    minor, and they are not inconsiderable.  At the same time I
4    think under 3553 when I consider the nature and circumstances
5    and the history and characteristics of the defendant that I
6    am allowed under the language of that statute to consider the
7    entire context of a defendant's life.
8          In this case I obviously, there is no question,
9    can consider his long work history.  I can consider the fact
10   that there is only one prior conviction and that it was a
11   number of years ago.  And I think that I can consider the
12   fact that there are four children involved and that their
13   welfare would be extremely adversely affected if a custodial
14   sentence, even at the bottom of the guideline range, was
15   imposed.
16         I started out by saying that the statute says that
17   the sentence should be no greater than necessary.  In this
18   case I think that a custodial sentence is greater than
19   necessary to accomplish the purposes set forth in 3553(a)(1)
20   and (2).  So for that reason I have decided to depart below
21   the guideline range.  For all of those reasons I have decided
22   to depart below the guideline range.
23         What I am going to impose in this case is a
24   sentence of home detention for a long period of time.  For
25   the bottom of the guideline range.  For a period of 33

7

1  months.
2            That means that you are going to be under very
3  close supervision for that period of time. I can absolutely
4  promise you, Mr. Gholson, that our probation department is
5  very efficient, very reliable. They let me know
6  unfortunately all of the time when people are not complying
7  with their conditions.
8            I give the highest priority to that information.
9  People get called in within 48 hours usually. I hope that
10 will never happen to you, but I will tell you right now that
11 if it does, you will be standing in front of me. Very little
12 leeway is given at that point.
13           The conditions of your probation and home detention
14 are that, of course, no possession of no weapons or access to
15 weapons. Possession of no contraband of any kind, including
16 drugs. Continued employment. Continued support of the
17 children. No further violations of the law.
18           I did not ask probation to identify herself today.
19 I am sorry, I forgot to do that. Would you do so now,
20 please.
21           THE PROBATION OFFICER: Good afternoon, Your Honor.
22 Elizabeth Suarez.
23           THE COURT: Are there any other conditions that you
24 are requesting in this case? There does have to be DNA
25 testing under the statute, and that will be done. I will

8

1 waive the drug treatment provisions, because there seems to
2 be no history of that, but if at any time during your
3 supervision you think it is necessary, then that certainly
4 may be required of the defendant.
5        There is a special assessment of $200, and the
6 first $100 should be paid within six months, and the second
7 $100 within the second six months.  I think I have indicated
8 that a fine is being waived, and restitution is not
9 applicable in this case.
10        But now I asked you a question.  Is there anything
11 else you wanted to request?
12        THE PROBATION OFFICER:  Yes, Your Honor.  Could the
13 record reflect that it will be 33 months of home detention
14 with electronic monitoring?
15        THE COURT:  Yes.
16        THE PROBATION OFFICER:  So that it is not manual.
17        THE COURT:  Oh, yes.  That is what I meant.
18        THE PROBATION OFFICER:  And is Your Honor going to
19 waive that fee?
20        THE COURT:  Yes.  I am going to waive that fee.
21        THE PROBATION OFFICER:  Thank you, Your Honor.
22        THE COURT:  Mr. Gholson, you have the right to take
23 an appeal from this sentence.  If you want to do so you have
24 to let Mr. Jeffress know.  He has to file that appeal within
25 ten days, so you have to act quickly if you want him to take

1  that appeal.

2        Do you understand that?

3        MR. GHOLSON:  Yes.

4        THE COURT:  Anything else at this time, everybody?

5        MR. JEFFRESS:  Thank you, Your Honor.

6        MR. GHOLSON:  Thank you, Your Honor.

7        THE COURT:  You are welcome.

8        THE COURTROOM DEPUTY:  Excuse me.  The government

9  needs to dismiss count three on the record.

10        MR. GORJI:  Yes, Your Honor.  The government moves

11  to dismiss count three.

12        THE COURT:  All right, thank you, parties may be

13  excused.

14              - - - - -

15              CERTIFICATE OF COURT REPORTER

16    I hereby certify that the foregoing is a complete and

17  accurate transcription in the above-captioned matter.

                    *[signature]*

                    SUSAN PAGE TYNER, CVR-CM

                    OFFICIAL COURT REPORTER